UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

BEATRICE LOATMAN, Individually and
    as Guardian of S.F., an infant,

                              Plantiffs,

                                                **DECISION AND ORDER**
                                                    07-CV-195A

           v.

HEDDIE JONES,

                              Defendant.

## INTRODUCTION

On September 24, 2009, plaintiffs made a motion to set aside the verdict in this case and to grant a new trial pursuant to Rule 60(b)(3) of the Federal Rules of Civil Procedure ("FRCP"). Plaintiffs believe that defense counsel committed intentional misrepresentations and spoliation that severely hampered their ability to prosecute their case at trial. Defendant asserts that this Court addressed all of plaintiffs' arguments previously and that the law of the case doctrine bars any further consideration of these arguments. Defendant asserts further that any spoliation that occurred in this case was inadvertent and did not result from any instruction or suggestion by defense counsel.

The Court held oral argument on January 27, 2010. Only plaintiffs appeared for oral argument; consequently, the Court will consider defendant's

argument submitted on papers pursuant to FRCP 78(b). For the reasons below, the Court will deny plaintiffs' motion.

## BACKGROUND

This diversity case concerned injuries that the infant plaintiff, an 11-year-old girl, suffered on May 11, 2006 while standing in the front yard of the house in which she and her grandmother lived. On March 27, 2007, plaintiffs filed a complaint accusing defendant, the owner of the house, with negligence in allowing a wooden attic storm window to deteriorate. According to plaintiffs, putty holding a glass pane of the storm window deteriorated to the point that the pane fell out whole from the frame of the window and crashed on the infant plaintiff's face. The glass caused deep facial cuts and permanent scarring. On June 14, 2007, Magistrate Judge Hugh B. Scott issued a scheduling order (Dkt. No. 9) that governed the course of discovery. According to the scheduling order, plaintiffs were to identify expert witnesses no later than August 24, 2007. All discovery and expert discovery was to conclude on or before December 30, 2007. Magistrate Judge Scott stated explicitly in the scheduling order that "[n]o extension of the above cutoff dates will be granted except upon written joint motion, filed prior to the cutoff date, showing good cause for the extension." As of December 31, 2007, according to all of the information available in the docket, plaintiffs did not 1) disclose to defendant any actually or potentially retained expert witnesses; 2) serve any requests to preserve the storm window for trial; 3)

serve any requests to inspect or to photograph the storm window[1]; 4) take any depositions of the property manager who possessed the storm window during all times relevant to this case; or 5) make any motions to Magistrate Judge Scott or to this Court for extensions of the deadlines in the scheduling order.

On September 2, 2009, as part of their pretrial submissions, plaintiffs made a motion to strike defendant's answer or, alternatively, to give a jury instruction about spoliation. Through this motion, the Court learned for the first time[2] about the extent to which the parties were attempting to continue discovery on their own, well after the deadlines set in the scheduling order and almost to the eve of trial. In this motion and in subsequent argument about it, plaintiffs revealed that they conducted a deposition of the property manager in possession of the storm window. This deposition occurred on July 22, 2008, nearly seven months after discovery deadlines set by the scheduling order. A year later, through correspondence dated July 15 and August 17, 2009, plaintiffs asked defendant to make the storm window available for a second inspection, this time by plaintiffs'

---

[1] The photographs of the storm window submitted to the jury were taken by an investigator working for plaintiffs' prior counsel.

[2] The Court previously had received a hint of post-deadline discovery when defendant filed a motion for summary judgment on June 25, 2009 (Dkt. No. 15), inexplicably about 18 months after the January 25, 2008 deadline for dispositive motions set in the scheduling order. Plaintiffs' motion (Dkt. No. 17) for additional time to respond to the summary judgment motion appears to have been the first time that plaintiffs indicated to anyone in this case that they were contemplating retaining an expert for a second inspection of the storm window.

expert. Eventually (*see* Dkt. No. 57 at 5 and No. 58-3), plaintiffs and the Court became aware that defendant's property manager took the storm window to a hardware store on July 16, 2009 and had it repaired. Despite the timing of the repair—one day after the date of plaintiffs' first letter requesting a second inspection —counsel for defendant denied instructing or suggesting to the property manager that the storm window should be repaired. Defendant explained instead that the property manager, of his own initiative, decided to have the storm window repaired since about a year had passed since his deposition without any news about the status of the case.

Although the Court understood why plaintiffs considered the timing of the repair suspicious, it decided that both a striking of the answer and a jury instruction about spoliation were excessive remedies. The Court gave plaintiffs two other remedies instead. The Court adjusted the scheduling of the trial to allow plaintiffs to subpoena the worker at the hardware store who repaired the storm window. That worker arrived at court and was ready to testify, but plaintiffs chose ultimately not to call him as a witness. Second, the Court gave plaintiffs permission to comment on their claim of spoliation in front of the jury in any way that they saw fit, including through cross-examinations, exhibits, and final summation.

On September 18, 2009, following the close of proof and the conclusion of final summations, the jury returned a unanimous verdict (Dkt. No. 68) that

4

plaintiffs did not establish their claim of negligence by a preponderance of the evidence. The pending motion to set aside the verdict soon followed. In this pending motion, plaintiffs argue again that counsel for defendant intentionally said or did something to bring about a repair of the storm window just one day after plaintiffs asked to inspect it a second time. Plaintiffs argue that the storm window in its original, unrepaired state was the central piece of evidence for their whole case, and that defendant should have known that plaintiffs would have wanted the jury to inspect it directly. Defendant argues in opposition that the Court ruled on these arguments previously, and that another consideration of these arguments is barred by the law of the case doctrine. Defendant argues additionally that the timing of the repair of the storm window was coincidental. Finally, defendant notes that the jury did have a chance to view numerous photographs of the unrepaired storm window that plaintiffs' prior counsel arranged to have taken at the first inspection.

## DISCUSSION

"On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for . . . fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party . . . ." FRCP 60(b)(3). Generally, "a Rule 60(b)(3) motion cannot be granted absent clear and convincing evidence of material misrepresentations and cannot serve as an attempt to relitigate the merits." *Fleming v. N.Y. Univ.*,

865 F.2d 478, 484 (2d Cir. 1989) (citations omitted). In the particular context of spoliation, "before retrial is mandated under Rule 60(b)(3) in consequence of discovery misconduct, the challenged behavior must *substantially* have interfered with the aggrieved party's ability fully and fairly to prepare for and proceed at trial . . . . Substantial impairment may exist, for example, if a party shows that the concealment precluded inquiry into a plausible theory of liability, denied it access to evidence that could well have been probative on an important issue, or closed off a potentially fruitful avenue of direct or cross examination." *Anderson v. Cryovac, Inc.*, 862 F.2d 910, 924–25 (1st Cir. 1988) (citations omitted).

Here, plaintiffs' belated attempts at discovery, combined with the two remedies that the Court granted at trial, require denial of the pending motion. From March 27, 2007 to December 30, 2007, plaintiffs did nothing to inspect or to preserve the storm window. No subpoenas or preservation letters were served. No depositions of the property manager occurred. No motions to extend discovery deadlines were filed. For almost 19 months *after* the discovery deadlines passed, plaintiffs still did nothing to bring about a preservation or a second inspection of the storm window. Plaintiffs apparently took the deposition of the property manager in July 2008, and apparently expressed a desire for a second inspection at that deposition, but let approximately a year pass before acting on that desire. In fairness to plaintiffs and despite plaintiffs' inactivity regarding what they themselves considered the central exhibit in their case, the

6

Court allowed numerous photographs of the unrepaired storm window to enter into evidence and allowed plaintiffs to tell the jury whatever they wanted regarding the issue of spoliation. As a result, and even without a jury instruction, the jury was fully aware of the timing and the details of plaintiffs' theory of intentional spoliation. By returning a defense verdict anyway, the jury either rejected plaintiffs' theory or decided that other evidence in the case—including testimony from plaintiffs' own witnesses about a spray of broken glass all over the front lawn, lending weight to defendant's theory that someone kicked the glass from inside the attic—outweighed the probative value of seeing the unrepaired storm window directly. Under these circumstances, the Court finds that the evidence of defense misrepresentations is questionable at best, and that any misrepresentations were not material. The Court finds further that the jury's freedom to consider plaintiffs' case in chief and its theory of spoliation negates any claim of substantial impairment.

## CONCLUSION

For all of the foregoing reasons, the Court hereby denies plaintiffs' motion. Pursuant to Rule 4(a)(1)(A) of the Federal Rules of Appellate Procedure, plaintiffs have 30 days from entry of this Order to file any notice of appeal.

SO ORDERED.

                                      *s/ Richard J. Arcara*
                                      HONORABLE RICHARD J. ARCARA
                                      UNITED STATES DISTRICT JUDGE

DATED: February 2, 2010